Kaman v. Miyakawa                    CV-98-115-JD  10/22/98

UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Dean L. Kamen, et al.

      v.                              Civil No. 98-115-JD

Takashi Miyakawa


                         O R D E R


     The plaintiffs, Dean Kamen and Robert Tuttle, brought this

action against the defendant, Takashi Miyakawa, to recover

amounts allegedly owed them under two promissory notes.  Before

the court now is the plaintiffs' motion for summary judgment

(document no. 16).



                         Background

     On December 31, 1990, Takashi Miyakawa ("Miyakawa") acquired

all of the outstanding stock of the Enstrom Helicopter

Corporation ("Enstrom") from Hiroshi Mori, an individual not

party to this action.  In consideration for the stock, Miyakawa

assumed certain obligations owed to Enstrom, Dean Kamen

("Kamen"), and Robert Tuttle ("Tuttle"), and executed two

promissory notes to be paid to the order of the plaintiffs.

     On February 8, 1992, one of these notes was canceled by the

contracting parties and replaced by two subsequent purchase money

promissory notes made payable by Miyakawa to the order of the

plaintiffs. The first note was for $400,000 and was to be paid in full, with interest, on February 8, 1993. The second note was for $494,347 and was to be paid in full, with interest, on August 8, 1992. Both notes expressly state that they may not be changed orally and provide that Miyakawa must pay costs and reasonable attorney's fees incurred collecting the notes.

Miyakawa has made no payments of interest or principle under either of the notes. Neither Kamen nor Tuttle have agreed in writing to forbear collecting on the notes. The plaintiffs assert that the balance due as of January 16, 1998, is allegedly $1,352,559.10.

On July 22, 1998, the plaintiffs filed a motion for summary judgment regarding the debt Miyakawa allegedly owes the plaintiffs under the promissory notes. On August 31, 1998, Miyakawa filed his objection to the motion for summary judgment seeking additional time to respond as discovery was not yet complete. Discovery was scheduled to conclude September 30, 1998, and Miyakawa had yet to depose the plaintiffs or acquire certain documents. Miyakawa stated that he was not attempting to refute the merits of the plaintiffs motion in his objection.

In its order of September 25, 1998, the court granted the continuance and permitted Miyakawa to file a subsequent objection to the motion for summary judgment on or before October 14, 1998.

2

Miyakawa has not filed an additional objection to the plaintiffs'
motion for summary judgment.  The court proceeds to rule on the
plaintiffs' motion for summary judgment.


Discussion

Summary judgment is appropriate when the "pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law."  Fed. R. Civ. P.
56(c).  "The burden is on the moving party to establish the lack
of a genuine, material factual issue, and the court must view the
record in the light most favorable to the nonmovant, according
the nonmovant all beneficial inferences discernable from the
evidence."  Snow v. Harnischfeger Corp., 12 F.3d 1154, 1157 (1st
Cir. 1993) (citations omitted).  Once the moving party has met
its burden, the nonmoving party "must set forth specific facts
showing that there is a genuine issue for trial[,]" Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R.
Civ. P. 56 (e)), or suffer the "swing of the summary judgment
scythe," Jardines Bacata, Ltd. v. Diaz-Marquez, 878 F.2d 1555,
1561 (1st Cir. 1989).

In his declaration submitted with his objection seeking

3

additional time, Miyakawa states he did not pay the notes because Tuttle requested that Miyakawa instead submit funds to Enstrom. As a result, Miyakawa allegedly sent nearly $1,700,000 to Enstrom in 1992. Miyakawa then states that in consideration for his payments to Enstrom, he asked Tuttle to cancel his obligations under the promissory notes. Tuttle "responded ambiguously and [Miyakawa] did not persist in getting his final written approval to cancel the notes." Defendant's Opp'n to Mot. for Summ. J., Declaration of Takashi Miyakawa at 2.

The interpretation of a contract, including whether it is ambiguous, is a question of law for the court to decide. See Shaheen v. Home Ins. Co., No. 96-118, 1998 WL 667985, at *3 (N.H. Sept. 30, 1998); UAW-GM Human Resource Center v. KSL Recreation Corp., 228 Mich. App. 486, 491, 579 N.W.2d 411, 414 (Mich. Ct. App. 1998).[1] Miyakawa's first promissory note required payment to Kamen and Tuttle of $400,000 plus interest by February 8, 1992. The second required payment of $493,347 plus interest by August 8, 1992. The notes both provide that they cannot be

---

[1]Both promissory notes provide that they are to be governed and construed in accordance with the law of Michigan. However, the plaintiffs have failed to comply with LR 7.1 and have not submitted any Michigan authority in support of their motion for summary judgment in their accompanying memorandum of law. The court relies upon New Hampshire law in the resolution of this matter as it is consistent with Michigan law.

4

changed orally.

In general, "every negotiable instrument is payable at the time fixed therein." <u>Fuller Enter. v. Manchester Sav. Bank</u>, 102 N.H. 117, 120, 152 A.2d 179, 181 (1959).  It is undisputed that Miyakawa has made no payment under the terms of the notes. Miyakawa has failed to provide any evidence that the parties to the promissory notes changed the terms of the notes in writing. The plaintiffs continue to be the holders of the notes.

The court finds that the defendant has failed to establish a genuine issue of material fact as to whether the plaintiffs are entitled to receive payment of the principle and interest due under the notes.  Moreover, Miyakawa has failed to establish a triable issue as to whether costs and reasonable attorney's fees incurred during the collection of the notes are to be bourne by Miyakawa.


## Conclusion

In light of the above discussion, the court grants the plaintiffs' motion for summary judgment (document no. 16).  The court orders the defendant to pay in full the principle and interest due under the notes, as well as to reimburse the plaintiffs for costs and reasonable attorney's fees incurred in

5

the collection of the notes.  The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

October 22, 1998

cc:  Kevin M. Fitzgerald, Esquire
     Stephen G. Hermans, Esquire